**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAHESH BISWA, | : | Civil No. 1:26-CV-01443 |
| Petitioner, | : | |
| v. | : | |
| WARDEN, FCI LEWISBURG, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Mahesh Biswa ("Biswa"). (Doc. 1.) Biswa argues that his prolonged detention violates his due process rights and asks the court to release him immediately. For the reasons that follow, the court will deny Biswa's petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Biswa is a native of Nepal and citizen of Bhutan. (Doc. 8-2, p. 2.)[1] On September 15, 2015, Biswa entered the United States as a refugee, and on January 31, 2018, Biswa's status was adjusted to lawful permanent resident. (*Id.* at 3.)

Several years after becoming a lawful permanent resident, Biswa began accumulating a criminal record. In April 2021, Biswa was arrested and charged in Springfield, Massachusetts with breaking and entering a vehicle or boat. (*Id.*)

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

This charge was subsequently dismissed. (*Id.*) In March 2023, he was arrested and charged with assault-simple attempt by menace in Burlington, Vermont. (*Id.*) Biswa failed to appear in court for this charge. (*Id.*) On September 28, 2024, Biswa was arrested and charged with theft by unlawful taking and disorderly conduct by University of Pittsburgh police. (*Id.*) He pleaded guilty to criminal attempt-theft, disorderly conduct. (*Id.*) On October 2, 2024, Swatara Township police arrested and charged Biswa with possession of drug paraphernalia. (*Id.*) He pleaded guilty and was sentenced to 2 to 4 months imprisonment. (*Id.*) Biswa's next arrest occurred on November 24, 2024, in York, Pennsylvania, which resulted in a guilty plea to theft from a motor vehicle and a sentence of 12 months' probation. (*Id.*; Doc. 8-3, pp. 2–21.) Stemming from a March 31, 2025, arrest in York, Pennsylvania, Biswa pleaded guilty to terroristic threats, resisting arrest, and disorderly conduct. (Doc. 8-2, p. 4; Doc. 8-3, pp. 22–49.) He was sentenced to 5 months, 24 days to 13 months imprisonment for terroristic threats with an unknown sentence for the remaining charges. (Doc. 8-2, p. 4; Doc. 8-3, pp. 22–49.) Biswa's final arrest occurred on September 9, 2025, in Harrisburg, Pennsylvania, at which time he was charged with possession of marijuana and drug paraphernalia and later pleaded guilty to the same. (Doc. 8-2, p. 4.)

On October 17, 2025, Biswa was detained by immigration officials, has remained detained since that time, and is currently detained at FCI Lewisburg. (*Id.*

at 3.) On October 29, 2025, Biswa was issued a notice to appear charging him under the Immigration and Nationality Act ("INA") § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), because after being admitted to the United States, he committed two crimes involving moral turpitude that did not arise out of a single scheme of criminal misconduct. (Doc. 8-4.) On November 19, 2025, an immigration judge found Biswa removable and ordered him removed to Bhutan. (Doc. 8-5.) Biswa filed an appeal on December 8, 2025, which remains pending. (Doc. 8-6.)

On May 27, 2026, Biswah filed a petition for writ of habeas corpus against the Warden of FCI Lewisburg and the Attorney General of the United States ("Respondents").[2] (Doc. 1.) Respondents filed a response on June 16, 2026, and Biswa filed a traverse on June 30, 2026. (Docs. 8, 11.) Thus, this petition is ripe for review.

## JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

---

[2] Respondents submit that the only proper respondent is Jessica Sage because she is the Warden of FCI Lewisburg. (Doc. 8, p. 1 n.1.) In this case, consistent with *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004), Petitioner has named the Warden as a respondent. *Padilla*, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent.") The court will not address an argument requesting dismissal of other Respondents when only raised in a footnote.

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may consider a writ of habeas corpus when an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States."

## DISCUSSION

In his pro se petition, Biswa cites a variety of statutes but ultimately argues that he has been unlawfully detained in violation of the Due Process Clause of the Fifth Amendment and is entitled to a bond hearing. (Docs. 1, 11.) Biswa relies on several cases but submits that his case falls into the framework established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Docs. 1, 11.) Biswa requests, among other things, that the court order his immediate release and enter an injunction to prevent Respondents from unlawfully detaining him again. (Doc. 1, pp. 10–11.)

Respondents assert that Biswa is subject to mandatory detention under 8 U.S.C. § 1226(c) because he committed two crimes of moral turpitude not arising out of the same offense. (Doc. 8, pp. 4–6.) Applying the test set forth by the Third Circuit Court of Appeals in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 211 (3d Cir. 2020), Respondents argue that the factors weigh against Biswa and the court should deny his petition. (*Id.* at 5–6.)

Section 1226(c) requires mandatory detention of aliens previously convicted of certain criminal offenses. Although there is no statutory limit on the length of time a detainee may be detained under 8 U.S.C. § 1226(c), a petitioner may still

bring an as-applied constitutional challenge alleging that his continued detention has become unconstitutional and unreasonable under the Due Process Clause of the Fifth Amendment. *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018); *German Santos*, 965 F.3d at 208–09. When considering whether the petitioner's detention has become unreasonable, "[t]he most important factor is the duration of detention." *German Santos*, 965 F.3d at 211. The court must additionally consider "all the other circumstances" of the detention, including (1) "whether the detention is likely to continue," (2) "the reasons for the delay, such as a detainee's request for continuances," and (3) "whether the alien's conditions of confinement are 'meaningfully different' from criminal punishment." *Id.* (quoting *Chavez-Alvarez v. Warden York Ctny. Prison*, 783 F.3d 469, 478 (3d Cir. 2015)).

The parties agree that Biswa has committed offenses qualifying him for detention pursuant to Section 1226(c). (Doc. 1, p. 2; Doc. 8, pp. 4–5.) Thus, applying the *German Santos* factors to this case, the court will deny Biswa's petition for writ of habeas corpus. Turning to the most important factor, the duration of Biswa's detention, the parties submit that Biswa has been in ICE custody since October 17, 2025. Thus, Biswa has been detained without a bond hearing for approximately 9.5 months. While there is no "presumption of reasonableness or unreasonableness of any duration," after 5 months, detention "becomes more and more suspect." *German Santos*, 965 F.3d at 211. However,

suspect does not equate to unreasonable. Courts within this District have routinely held that being detained under Section 1226(c) without a bond hearing for less than one year is not unreasonable. *See, e.g.*, *Rahmatov v. Lowe*, No. 3:26-cv-553, 2026 WL 837974, *2 (M.D. Pa. Mar. 26, 2026) (finding 5 months not unreasonable); *Yirenkyi v. Hoover*, No. 3:25-cv-2414, 2026 WL 268230, at *4 (M.D. Pa. Feb. 2, 2026) (finding 9.5 months not unreasonable). The court agrees with Respondent in this case that Biswa's 9.5 months in ICE detention has not risen to the level of unreasonably prolonged. Because Biswa cannot meet this first critical factor, the court need not address the remaining *German Santos* factors and will deny his petition.[3]

## CONCLUSION

Thus, the court will deny Biswa's petition for writ of habeas corpus. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: August 10, 2026

[3] The court acknowledges that Biswa cites to a variety of other statutes in his petition. (*See* Doc. 1.) Because he does not expand on these arguments, and it is likely that the court would lack jurisdiction to resolve such arguments, the court will not address these arguments.